**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50182 |
| Plaintiff-Appellee, | D.C. No. 3:20-cr-03116-LAB-1 |
| v. | |
| ARELY ROCHA QUEZADA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted July 12, 2022**

Before:    SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

Arely Rocha Quezada appeals from the district court's judgment and challenges the 78-month sentence imposed following her guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Quezada contends that the district court misinterpreted the minor role factors set forth in U.S.S.G. § 3B1.2 and its commentary when it denied her request for a minor role reduction. We review the district court's interpretation of the Guidelines de novo, its factual findings for clear error, and its application of the Guidelines for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

The record reflects that the district court applied the correct legal standard and considered the factors listed in the commentary to the minor role Guideline. *See* U.S.S.G. § 3B1.2 cmt. n.3(C). In so doing, the district court did not, as Quezada contends, presume that she understood the full scope and structure of the criminal enterprise, nor impose a duty of inquiry upon her. Although the district court noted Quezada's "integral part" in the offense as a drug courier, it did not rely solely on this fact to deny relief. *See* U.S.S.G. § 3B1.2 cmt. n.3(C) ("The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative."). Given the reasons cited by the district court, we cannot say that it abused its discretion in concluding that Quezada was not "substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2 cmt. n.3(A); *see also United States v. Diaz*, 884 F.3d 911, 918 (9th Cir. 2018) ("[D]istrict court has considerable latitude in ruling on minor-role adjustments.").

**AFFIRMED.**